[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 Factual Background
The plaintiff, Wells Fargo Home Mortgage, Inc. ("plaintiff') owns a mortgage loan which Thomas Gallivan and Margaret Gallivan (borrowers) had CT Page 5067 entered into with the Prudential Home Mortgage Company, Inc. ("Prudential"). Prudential assigned the mortgage to Norwest Mortgage, Inc. ("Norwest") which subsequently changed its name to Wells Fargo Home Mortgage, Inc. (Exhibit 5).
There was a second mortgage of the property to the First National Bank of New England ("FNBNE") and the defendant Fleet Bank ("Fleet") has been substituted for FNBNE. The junior encumbrancer, FNBNE, obtained a judgment of strict foreclosure and its successor, Fleet, is now defending the plaintiff's attempt to foreclose on its first mortgage.
By special defense, Fleet contends the notice of default and acceleration of the note was defective.
The plaintiff argues that, as a junior encumbrancer, Fleet is not entitled to raise the defense, and in the alternative, it has established liability
The Court agrees with the plaintiff.
Our Supreme Court has held that a first mortgagee owes only a duty of good faith to a subordinate mortgagee. Connecticut Bank Trust Co. v.Carriage Lane Associates, 219 Conn. 772, 783 (1991). Subsequent Superior Court cases have followed that ruling. See Mechanic's Savings Bank v.Townley Corp., 1994 WL 14926 (Freed, J.); New Haven Investments, Inc. v.Nelson, 1992 W.L. 394692 (Celotto, J.). The junior encumbrancer has no relationship to the making, validity, or enforcement of the note and therefore, those defenses are not available to Fleet as a junior mortgagee. The case of North American Bank Trust Co. v. Lionetti
1995 Conn. Super. LEXIS 2142 (D'Andrea, J.) is distinguishable. In that case the defendants were the fiduciaries of Lionetti's estate, not junior encumbrancers.
In any event, evidence was presented at the trial of compliance by the plaintiff with the provisions of the note concerning default and compliance. The original note provides in the event of default, that the borrower is entitled to written notice of the overdue amount with thirty days to make past due payments and be reinstated.
The notice letter (Exhibit 10) substantially complied with the notice requirement. It stated the amount past due and specified the amount due within thirty days (which included the monthly payment due in the interim).
 Conclusion
CT Page 5068
The plaintiff has proved it is the owner of the note and entitled to enforce it; that the loan is in default; that notice of default was given to the borrowers (even if Fleet has standing to raise the issue); that the mortgage was $211,172.08 as of March 13, 2001.
The parties, having agreed to bifurcate the issue of liability from the final judgment, in view of the findings made herein, this matter should be scheduled for short calendar to establish the debt, fair market value and law days.
Klaczak, J.